IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLAS DAVID ANDREAS,

      Plaintiff,                  No. CIV S-09-1207 FCD GGH P

    vs.

MATTHEW CATE, et al.,

      Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1       The caption of the complaint names the following defendants: Cate, Martel,
2  Johnson, Austin, McCarthy, Bond, Scer, White, Gomez, Hudgins and Baker.  All defendants, but
3  for Cate, are employed at Mule Creek State Prison (MCSP).  In his statement of claims, plaintiff
4  identifies other defendants.  For example, plaintiff refers to a defendant Martinez.  See
5  Complaint, p. 6, ¶ 12.  The court will only discuss claims against those persons as to whom it is
6  clear plaintiff intends to name as defendants.

7       The complaint alleges that upon his transfer to MCSP, plaintiff was wrongly
8  placed and retained on C status.  Plaintiff alleges that he was placed in C status by defendants at
9  MCSP because they were conspiring with prison officials at Pleasant Valley State Prison, who
10 wanted to intimidate and harass plaintiff based on disciplinary proceedings that had been
11 resolved in plaintiff's favor.  Plaintiff alleges that defendants at MCSP made him wait to attend
12 his Classification Committee hearing in the yard on a day that it was 100 degrees outside and the
13 air was smoky due to forest fires.  As a result of having to wait outside in the heat, plaintiff
14 suffered an asthma attack that lasted for three days.

15      Plaintiff also alleges that he was forced to attend a disciplinary hearing at MCSP
16 for an offense that had previously been adjudicated in his favor at PVSP.  Before the hearing,
17 plaintiff was forced to stand in a cage for 2 ½ hours contrary to medical orders that plaintiff not
18 stand or sit for more than fifteen minutes.  Plaintiff was then placed in fraudulent disciplinary
19 detention for ten days.

20      Plaintiff alleges that on January 26, 2009, he arrived to court 2 ½ hours late
21 because he was wrongly harassed and handcuffed by defendant White.  Defendant Gomez then
22 wrongly told his superiors that plaintiff did not want to go to court that day.  As a result, the
23 transportation officers were agitated.  Defendant Gomez also wrote a disciplinary report falsely
24 charging plaintiff with refusing to go to court.  As a result, plaintiff lost time and work credits.
25 Defendant Gomez acted in retaliation against plaintiff who was going to court for assaulting
26 staff.

1   Plaintiff Hughes delayed plaintiff's law library access so that he could not prepare
2   for his court case. Defendant Austin caused plaintiff's property to be packed in such a manner
3   that caused plaintiff to lose books and documents supporting his case.
4   Plaintiff's complaint contains the following legal claims. In claim one plaintiff
5   alleges an Eighth Amendment claim. Plaintiff alleges that defendants violated his rights by
6   failing to monitor his back, g.i. track, shoulders and asthma. In claim two plaintiff alleges that as
7   a result of the supervisory defendants failure to conduct proper training, he did not receive
8   adequate medical care. In claim three plaintiff alleges a violation of the Americans with
9   Disabilities Act (ADA). Plaintiff alleges that defendants violated the ADA by providing him
10  with a job environment that aggravated his back problems. Plaintiff alleges that defendants
11  further damaged his spine when they kicked, stomped and stood on his spine and pulled his head
12  up while pressing their feet on his back. In claim four, plaintiff alleges a violation of state law.
13  Plaintiff's legal claims do not encompass all of his factual allegations. For
14  example, plaintiff makes no legal claim regarding his alleged denial of access to the law library,
15  or loss of legal property. The court will only address the factual allegations linked to the legal
16  claims.
17  In claim one, plaintiff alleges that defendants disregarded his medical needs. The
18  only two factual allegations implicating this claim are the allegations that he suffered an asthma
19  attack after being required to stand in smoky 100 degree heat and that he was forced to stand in
20  the cage for 2 ½ hours contrary to doctor's orders. Plaintiff alleges that defendants Johnson,
21  Martinez, McCarthy, Bond and Thompson were aware of the hazardous weather as well as
22  plaintiff's medical condition when they made him wait outside his hearing. These allegations
23  state a colorable claim for relief against these defendants.
24  In claim two, plaintiff alleges that as a result of inadequate training by supervisory
25  defendants, he was required to stand in the 100 degree heat waiting for his hearing. As discussed
26  above, plaintiff also alleges that defendants forced him to stand in the smoky 100 degree heat

despite knowledge of his asthma.  Common sense dictates that someone with asthma should not be required to be outside for a lengthy period of time under these conditions.  For this reason, it is unclear how a failure to properly train defendants caused this alleged deprivation.  In other words, plaintiff's allegations suggest that even with proper training defendants would have made him wait in the smoky heat.  For these reasons, the court does not find that plaintiff has stated a colorable failure to train claim in connection with this allegation.

In claim two, plaintiff alleges that defendant Austin made him stand in the cage for 2 ½ hours, contrary to medical documentation stating that plaintiff should not stand or sit for more than fifteen minutes.  Plaintiff also suggests that he was forced to stand in the cage for 2 ½ hours based on inadequate training.  In his third claim for relief, plaintiff that defendants violated the ADA by providing him with a job environment that aggravated his back problems.  Plaintiff alleges that defendants further damaged his spine when they kicked, stomped and stood on his spine and pulled his head up while pressing their feet on his back.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]" Id.

It is true that Fed. R. Civ. P. 20(a) provides that "[a]ll persons ...may be joined in one action as defendants if there is asserted against them jointly, severally , or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free person–say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a

1  debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a
2  prisoners." Id. at 607.
3          The claims raised in claims two and three are unrelated to the claim raised in
4  claim one. These "buckshot" claims should be raised in different actions. For this reason, the
5  court separately recommends dismissal of these claims.
6          In his fourth claim, plaintiff alleges a violation of state law. Plaintiff alleges that
7  defendants violated state law when they disregarded his medical conditions. For the reasons
8  discussed above, the court finds that plaintiff has stated a colorable state law claim against
9  defendants Johnson, Martinez, McCarthy, Bond and Thompson only.
10         For the reasons discussed above, all claims but for the Eighth Amendment and
11 state law claims against defendants Johnson, Martinez, McCarthy, Bond and Thompson, should
12 be dismissed.
13         In accordance with the above, IT IS HEREBY ORDERED that:
14         1. Plaintiff's motion for leave to proceed in forma pauperis (no. 2) is granted.
15         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 The fee shall be collected and paid in accordance with this court's order to the Director of the
17 California Department of Corrections and Rehabilitation filed concurrently herewith.
18         3. Service is appropriate for the following defendants: Johnson, Martinez,
19 McCarthy, Bond and Thompson.
20         4. The Clerk of the Court shall send plaintiff 5 USM-285 forms, one summons,
21 an instruction sheet and a copy of the complaint filed May 4, 2009.
22         5. Within thirty days from the date of this order, plaintiff shall complete the
23 attached Notice of Submission of Documents and submit the following documents to the court:
24             a. The completed Notice of Submission of Documents;
25             b. One completed summons;
26             c. One completed USM-285 form for each defendant listed in number 3

above; and

       d.  Six copies of the endorsed complaint filed May 4, 2009.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: June 26, 2009

                /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

an1207.b

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLAS DAVID ANDREAS,

      Plaintiff,                           No. CIV S-09-1207 GGH P

  vs.

MATTHEW CATE, et al.,              NOTICE OF SUBMISSION

      Defendants.                    OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          ____      completed summons form

          ____      completed USM-285 forms

          ____      copies of the _____
                                   Complaint/Amended Complaint

DATED:

                                               _____
                                               Plaintiff