IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS DAVID ANDREAS,

    Plaintiff,                      No. CIV S-09-1207 FCD GGH P

    vs.

MATTHEW CATE, et al.,

    Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's November 2, 2009, motion for an emergency injunction. For the following reasons, the court recommends that this motion be denied.

        On May 4, 2009, plaintiff filed the original complaint. On June 26, 2009, the undersigned found that the complaint stated colorable Eighth Amendment and state law claims against defendants Johnson, Martinez, McCarthy, Bond and Thompson. The undersigned found colorable plaintiff's claim that he suffered an asthma attack after defendants made him stand in smoky 100 degree heat. The remaining claims were dismissed with thirty days to file an amended complaint on grounds that they were unrelated to the Eighth Amendment and state law claims against defendants Johnson, Martinez, McCarthy, Bond and Thompson. See George v.

1  Smith, 507 F.3d 605, 607 (7th. Cir. 2007).

2  On July 29, 2009, the court granted plaintiff an additional thirty days to file an
3  amended complaint. On October 14, 2009, the court granted plaintiff an additional twenty-eight
4  days to file an amended complaint. Plaintiff has not yet filed an amended complaint.

5  On November 2, 2009, plaintiff filed the pending motion for emergency injunctive
6  relief. In this motion, plaintiff alleges that four weeks ago prison officials failed to renew his
7  pain medication, Tramadol. Plaintiff alleges that he is in great pain and that stopping the
8  medication so suddenly will cause him harm. Exhibits attached to the motion indicate that the
9  medication is for plaintiff's back.

10  "The proper legal standard for preliminary injunctive relief requires a party to
11  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
12  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
13  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir.
14  2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76
15  (2008). Moreover, injunctive relief can only be awarded on claims fairly encompassed within the
16  operative complaint. DeBeers etc. v. United States, 325 U.S. 212, 220 (1945); cf Johnson v.
17  Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009).

18  Plaintiff's claim regarding the discontinuation of his pain medication for his back
19  is unrelated to the one claim found colorable in the original complaint concerning his asthma.
20  Because the request for injunctive relief is unrelated to the merits of the complaint, the motion
21  should be denied.

22  In the alternative, it is clear that plaintiff has not exhausted his administrative
23  remedies regarding the discontinuation of his pain medication.

24  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to
25  prison conditions under section 1983...until such remedies as are available are exhausted." It is
26  clear that under 42 U.S.C. § 1997e(a) that no action shall be brought with respect to prison

1  conditions until such administrative remedies as are available are exhausted. <u>McKinney v.
2  Carey</u>, 311 F.3d 1198 (9th Cir. 2002).
3        Attached as exhibits to the motion for injunctive for injunctive relief are
4  documents demonstrating that plaintiff has not exhausted his administrative remedies.  On
5  October 7, 2007, plaintiff filed a first level administrative grievance regarding the
6  discontinuation of his pain medication.  Motion, Exhibit A.  On October 19, 2009, this appeal
7  was returned to plaintiff with a memorandum informing him that the appropriate method to
8  request a health care appointment was to submit a CDCR 7362 Health Care Request for Services
9  for.  Motion, Exhibit A.
10       Attached as an exhibit is a copy of a CDCR 7362 form submitted by plaintiff on
11 September 7, 2009.  Motion, Exhibit A.  In this form, plaintiff alleges that he has not received
12 adequate medical care for his back.  Plaintiff does not specifically allege that his pain medication
13 was discontinued.  Also attached is another CDCR 7362 form submitted by plaintiff on
14 September 16, 2009.  Motion, Exhibit A.  In this form, plaintiff states that he had a doctor's
15 appointment on September 16, 2009, but he was not seen by a doctor.  Plaintiff does not
16 specifically state that he is being denied pain mediation.
17       Because it is clear that the claims raised in the pending motion for injunctive relief
18 have not been administratively exhausted, the motion for injunctive relief should be denied.
19 Plaintiff may not bypass the requirement of administrative exhaustion by filing an emergency
20 motion for injunctive relief.
21       Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for
22 emergency injunctive relief (no. 25) be denied on the two grounds set forth above.
23       These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:   November 12, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

10  an1207.den