IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS DAVID ANDREAS,

    Plaintiff,                  No. CIV S-09-1207 FCD GGH P

    vs.

MATTHEW CATE, et al.,

                            ORDER
    Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants' May 20, 2010, motion to dismiss for failure to exhaust administrative remedies (Doc. 50), plaintiff's May 14, 2010 motion for sanctions (Doc. 49) and plaintiff's July 9, 2010 motion for clarification (Doc 53).

Background

        This case is currently proceeding on the original complaint filed on May 4, 2009, with allegations against five defendants for violations of the Eighth Amendment and similar state provisions.[1]  Plaintiff alleges that at some point after he was transferred to Mule Creek State Prison (MCSP) on May 2, 2008, the defendants made him wait outside to attend his

---

[1] Plaintiff was given the opportunity to file an amended complaint to raise additional claims, but ultimately decided to proceed on the original complaint.  Doc. 30.

1

Classification Committee hearing on a day when it was 100 degrees and the air was smoky due to forest fires. As a result of having to wait outside in the heat, plaintiff suffered an asthma attack that lasted for three days. Plaintiff was also forced to stand in the cage for 2 ½ hours contrary to doctor's orders.

Motion to Dismiss

<u>Legal Standard</u>

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id</u>. at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 740, n. 5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Booth</u>, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." <u>Id</u>. at 734.[2]

A prisoner need not exhaust further levels of review once he has either received

---

[2] That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See <u>Booth</u>, 532 U.S. at 737; <u>see</u> also <u>Porter</u>, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Failure to exhaust administrative remedies is an affirmative defense properly raised by a defendant in an unenumerated Fed. R. Civ. P. Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, 216 (2007). If the court concludes the prisoner has not exhausted non-judicial

remedies, the proper remedy is dismissal of the claim without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003). Defendants bear the burden of raising and proving non-exhaustion. Id. at 1119. The court may resolve any disputed material facts on the exhaustion issue by looking beyond the pleadings in deciding a motion to dismiss for failure to exhaust. Id. at 1119-20. No presumption of truthfulness attaches to a plaintiff's assertions associated with the exhaustion requirement. See Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

Discussion

Defendants argue that plaintiff has not exhausted the claims in this action. Defendants include a declaration from the chief of the Inmate Appeals Branch along with a print out showing plaintiff's fully completed appeal history. Defendants note that plaintiff transferred to MCSP on May 2, 2008 and plaintiff filed the instant action on May 4, 2009. Therefore, plaintiff needed to have exhausted the appeals process in that one year period. The appeal records do not indicate any appeals properly exhausted in that time period. Reply at 17. The records only indicate one appeal filed in the relevant time periods, on January 6, 2009, regarding disciplinary issues that was screened out. Id.

Plaintiff includes in his opposition an inmate appeal he filed on July 9, 2008 and the second level response from prison officials.[3] Opposition at 23-26. Plaintiff's appeal states that he received another 30 days of C-status because he waited outside the program office and waited to be called in and was unaware that he was expected to wait inside the program office. Id. There is no mention of any of the defendants forcing plaintiff to wait outside in the extreme heat and plaintiff's appeal only involves the extra C-status time. Plaintiff proceeds to say with respect to the C-status time, "This decision seriously affects my desire to have an positive program and is mentally egregious." Opposition at 23. When queried on the form regarding the

---

[3] It does not appear plaintiff pursued this appeal to the final level.

action he requests, it only involves C-status time, nothing regarding any medical treatment or medical problems and it does not identify any of the defendants.[4]

To the extent that plaintiff's appeal may discuss a separate incident then what is the basis of the instant complaint, then plaintiff has failed to exhaust regarding the Eighth Amendment claims in the instant action.

To the extent that the appeal does involve the same incident as the underlying claims then plaintiff has failed to properly exhaust the claim as plaintiff's appeal completely failed to mention any facts regarding medical complications resulting from standing outside in extreme heat and smoke.

In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit, noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id. at 1120 (citations omitted). In Griffin, the plaintiff failed to mention in his grievance that the remedy to his problem that had been ordered by a prison nurse had been ignored by the prison staff. As a result, the prison officials who were aware of the nurse's order reasonably believed that the order solved the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem." See id. at 1121.

In the instant case, there was no way for prison officials to understand from plaintiff's grievance that the nature of his problem concerned medical problems from heat and smoke. The appeal only discussed C-status time and does not state that any of the defendants forced plaintiff to stand outside. Therefore, plaintiff has failed to exhaust administrative remedies and defendants' motion to dismiss should be granted.

---

[4] While plaintiff's claims involving C-status time were in his complaint, those claims were dismissed, which was explicitly discussed in the court's screening order. Doc. 9.

Motion for Sanctions

On March 12, 2010, plaintiff filed a motion for sanctions alleging that the Attorney General's Office, who represents defendants, informed prison officials of plaintiff's lawsuit and as a result, plaintiff could suffer retaliation. On April 30, 2010, the court denied plaintiff's motion for sanctions noting that plaintiff's unsupported speculation did not warrant the imposition of sanctions. However, the court noted that if plaintiff believed he was being retaliated against for pursuing this civil rights action he could renew his motion. On May 14, 2010, plaintiff filed a new motion for sanctions that appears to allege retaliation.

However, plaintiff's motion is very sparse with facts and difficult to understand as it relies on exhibits, most notably motions filed in another case. Plaintiff has also filed a very similar motion, on May 13, 2010, in another case, No. CIV S-08-1410 LJO SMS.[5]

Plaintiff alleges that prison officials through use of the mail are interfering with plaintiff's ability to access the court. Plaintiff first contends that the Osteopathic Medical Board of California cc'd a copy of letter to plaintiff also to the warden of the prison. Plaintiff also states that third parties are sending letters to the litigation coordinator and not to plaintiff. It is not clear how any of these actions can be construed as retaliation by prison officials against plaintiff, when it is third parties sending the mail. Nor is it clear how plaintiff is being denied access to the courts.

Plaintiff's motion is denied as meritless.

Motion for Clarification

Plaintiff's July 9, 2010, motion for clarification is in fact another motion for sanctions against the Attorney General's office. Plaintiff's motion is meritless and the undersigned chooses not to issue sanctions.

\\\\\

---

[5] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  Accordingly, IT IS HEREBY ORDERED that:

2  1.  Plaintiff's May 20, 2010, motion for sanctions (Doc. 49) is denied; and

3  2.  Plaintiff's July 9, 2010, motion for clarification (Doc. 53) is denied.

4  IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, filed on
5  May 20, 2010, (Doc. 50), be granted and this case dismissed.

6  These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within seven days after service of the objections.  The parties are
12 advised that failure to file objections within the specified time may waive the right to appeal the
13 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 DATED: 08/20/2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
andr1207.mtd